UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Brandon G. Adams,<br><br>Plaintiff,<br><br>v.<br><br>Ally Auto; and Experian Information Solutions, Inc.,<br><br>Defendants. | Case No. 2:22-cv-02173-RFB-DJA<br><br>**Order<br>and<br>Report and Recommendation** |

     Under 28 U.S.C. § 1915, Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*. (ECF No. 7). Plaintiff has also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants his application to proceed *in forma pauperis*. However, because the Court finds that Plaintiff's complaint does not assert a claim upon which relief can be granted, it dismisses his complaint with leave to amend.

     Also before the Court is a discovery plan filed by Defendant Experian Information Solutions, Inc. and joined by Ally Auto[1] (ECF No. 34), Ally's motion to amend its answer to the complaint (ECF No. 42), Ally's motion for judgment on the pleadings (ECF No. 44), Experian's motion for judgment on the pleadings (ECF No. 49), and Experian's motion to compel (ECF No. 57). Because the Court is mandated to screen Plaintiff's complaint at this juncture, and because the Court dismisses that complaint, there is no operative complaint in this action and the pending motions are moot. The Court thus denies and recommends denial of these motions.

---

[1] Ally Auto has explained that its proper identification is "Ally Bank" and not Ally Auto. (ECF No. 42 at 1).

I.     *In forma pauperis* **application.**

Plaintiff filed the affidavit required by § 1915(a).  (ECF No. 7).  Plaintiff has shown an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a).  The Court will now review Plaintiff's complaint.

II.    **Screening the complaint.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly*, 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings

drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### A.   *Screening is mandatory at this stage.*

Although the parties have answered Plaintiff's complaint and initiated discovery in this case, those actions are premature because the Court had not yet screened Plaintiff's complaint. Complaints filed under the *in forma pauperis* provisions of 28 U.S.C. § 1915(a) are "subject to mandatory review by the Court…" *Giselle N. v. Kijakazi*, No. 23-cv-04293-PHK, 2023 WL 6307947 at *1 (N.D. Cal. Sept. 26, 2023). Indeed, the statute states that "the court *shall* dismiss the case at any time if the court determines that…the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "Section 1915(e) replaced former section 1915(d), which provided that a district court 'may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'" *Lopez v. Smith*, 203

F.3d 1122, 1126 (9th Cir. 2000) (citing 28 U.S.C. § 1915(d) (1994)).  "It is…clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."  *Id.*

### B. The Court dismisses Plaintiff's complaint without prejudice.

Plaintiff sues Ally Auto and Experian—which he lists as being based in Minnesota and Texas, respectively—for damages and injunctive relief.  (ECF No. 1-1).  He asserts that the basis of jurisdiction is federal question because he is bringing his claims under: (1) 15 U.S.C. § 1692, the Fair Debt Collection Practices Act; (2) 18 U.S.C. § 1341, mail fraud; (3) "Seventh Amendment Jury Trial"; and (4) *Tull v. United States*, 481 U.S. 412 (1987), in which the Supreme Court held that a determination of a civil penalty is not an essential function of a jury trial and that the Seventh Amendment does not require a jury trial for that purpose in a civil action.  (*Id.* at 3).  He alleges that "Ally Auto has been charging fraudulent charges for months" and that Ally ignored letters disputing the charges and requesting Ally to cease the charges.  (*Id.* at 4).  Plaintiff argues that the allegedly fraudulent charges damaged his credit.  (*Id.*).  Plaintiff adds that "Experian does not follow the federal laws and ignore (sic) cease and desist letter also."  (*Id.*).  The Court dismisses Plaintiff's complaint without prejudice and with leave to amend because, as alleged, Plaintiff's complaint fails to state a claim upon which relief can be granted.

Plaintiff has not alleged any facts about how Ally or Experian have violated the Fair Debt Collection Practices Act ("FDCPA").  Under the FDCPA, debt collectors are prohibited "from making false or misleading representations and from engaging in various abusive and unfair practices."  *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010).  To establish a violation of the FDCPA, Plaintiff must show: (1) he was a consumer (2) who was the object of a collection activity arising from a consumer debt, and (3) the defendant is a "debt collector" as defined by the FDCPA, (4) who engaged in an act or omission prohibited by the FDCPA.  *Moriarity v. Nationstar Mortg., LLC*, No. 1:13-cv-00855-AWI-SMS, 2013 WL 4400096, at *4 (E.D. Cal. Aug. 15, 2013) (citing *Miranda v. Law Office of D. Schott Carothers*, No. 1:10-cv-01487-OWW-SMS, 2011 WL 2037556, at *4 (E.D. Cal. May

1  23, 2011) and *Turner v. Cook*, 362 F.3d 1219, 1227-28 (9th Cir. 2004)).  Plaintiff has not
2  established any of these elements.
3        Courts have also consistently found that the mail fraud statute to which Plaintiff cites does
4  not confer a private right of action.  *See Reyes v. Flagg*, No. 2:18-cv-01727-GMN-BNW, 2020
5  WL 5645326, at *2 (D. Nev. Sept. 22, 2020) (compiling cases).  And neither Plaintiff's reference
6  to the Seventh Amendment nor his reference to *United States v. Tull* establish what cause of
7  action he is bringing under that amendment or that case.  Plaintiff does not allege that he was
8  deprived of his Seventh Amendment right to a jury trial.  He also does not allege how the United
9  States Supreme Court's holding in *Tull* applies to his case.
10        Plaintiff has also attached portions of two letters to his complaint.  (ECF Nos. 1-2 and 1-
11  3).  However, these letters do not provide sufficient context for the Court to find that Plaintiff has
12  alleged cognizable claims.  Because Plaintiff does not allege a claim upon which relief can be
13  granted, the Court dismisses his complaint without prejudice and with leave to amend.

14  **III.**    **Pending motions.**

15        Because the Court has screened and dismissed Plaintiff's complaint without prejudice,
16  there is no operative complaint in this action.  As a result, Experian's discovery plan (ECF No.
17  34), Ally's motion to amend answer (ECF No. 42), Ally's motion for judgment on the pleadings
18  (ECF No. 44), Experian's motion for judgment on the pleadings (ECF No. 49), and Experian's
19  motion to compel (ECF No. 57) are moot.  The Court thus denies the discovery plan, motion to
20  amend answer, and motion to compel without prejudice.  Because they are dispositive, and the
21  undersigned may not issue a final decision on them under 28 U.S.C. § 636(b)(1)(B) and Local
22  Rule IB 1-4(b), the Court recommends that the assigned district judge—the Honorable District
23  Judge Richard F. Boulware—deny the motion for judgment on the pleadings and motion for
24  judgment without prejudice.

25  **IV.**    **Recusal.**

26        Although not raised by the parties in the complaint and motions currently before the
27  Court, the undersigned magistrate judge is a named in a separate lawsuit that Plaintiff has filed.
28  *See Adams v. Judge Richard F. Boulware II, et al.*, Case No. 2:22-cv-01234-CDS-MDC.

However, the undersigned magistrate judge does not find it appropriate to recuse from the instant matter for that reason, particularly because Plaintiff has named nearly every judge in the District of Nevada and has also filed a separate lawsuit against the court clerks.  *See Adams v. J. Callo, et al.*, Case No. 2:23-cv-00275-RFB-DJA.  To the extent that Plaintiff alleges that the pending lawsuit in *Adams v. Boulware* creates a bias in the undersigned toward the Plaintiff here, the Court notes that a judge is not disqualified by a litigant's suit or threatened suit against him.  *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981) *reversed on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984); *see also United States v. Studley*, 783 F.2d 934, 939-40 (9th Cir. 1986).  The Ninth Circuit has asserted that "[s]uch an easy method for obtaining disqualification should not be encouraged or allowed." *Ronwin*, 686 F.2d at 701.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 7) is **granted.**  Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **February 26, 2024** to file an amended complaint if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete.  This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer

serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that Experian's discovery plan (ECF No. 34), Ally's motion to amend its answer (ECF No. 42), and Experian's motion to compel (ECF No. 57) are **denied as moot.**

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Ally's motion for judgment on the pleadings (ECF No. 44) and Experian's motion for judgment on the pleadings (ECF No. 49) be **denied as moot.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: January 26, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE